IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01764-KLM

KENNETH HARRISON, an individual,

    Plaintiff,

v.

IOMNIS SURVEILLANCE SOLUTIONS, LLC,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Transfer Venue** [#18][1] (the "Motion"). Plaintiff filed a Response [#32] in opposition to the Motion [#18]. No Reply was filed. The Court has reviewed the Motion [#18], the Response [#32], the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#18] is **GRANTED**.

## I. Summary of the Case

Plaintiff alleges that in February 2015 he entered into an employment agreement with Defendant. *Am. Compl.* [#33] ¶ 21. From 2015 until early 2017, Plaintiff worked as President of Iomnis Professional Solutions, a subsidiary of Defendant. *Id.* ¶ 20. Plaintiff alleges that Defendant only made two of twenty-eight required salary payments to him and failed to reimburse his expenses. *Id.* ¶ 23.

---

[1] "[#18]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

In order to recover lost wages and expenses, Plaintiff filed this lawsuit on July 20, 2017. *Compl.* [#1]. Plaintiff asserted three claims: (1) breach of contract, (2) violation of the Colorado Wage Act, and (3) civil theft. *Am. Compl.* [#33] at 5-6. However, Defendant states that the employment agreement has a forum-selection clause,[2] and has filed the present Motion seeking an order requiring a transfer of venue to the United States District Court for the Southern District of Texas. *Motion* [#18] ¶¶ 1-2. The applicable clause states:

> To the extent it is necessary to resolve any disputes arising under this Agreement, the Parties to this Agreement agree that jurisdiction and venue in any action brought pursuant to this Agreement to enforce its terms or otherwise with respect to the relationships between the Parties shall properly lie in, and only in, the state and federal courts of Harris County, Texas.

*Id.* ¶ 2.

## II. Standard of Review

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Generally, the movant bringing a motion for transfer under § 1404(a) "bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). However, when a § 1404(a) motion is based on a valid forum-selection clause, the motion to transfer should be granted absent "extraordinary circumstances unrelated to the convenience of the parties." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 52 (2013). A valid forum-selection clause requires the court to adjust its analysis in three ways. *Id.* at 63. First, the plaintiff's choice of forum merits no weight. *Id.* "As the

---

[2] Defendant quotes the forum-selection clause, but the Court notes that the employment agreement is not included in the record. Nonetheless, Plaintiff has not disputed the existence or authenticity of the forum-selection clause in the Response [#32].

party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, the court may only consider public-interest factors and not the parties' private interests. *Id.* at 64. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, . . . transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.* "Because [public-interest] factors will rarely defeat a transfer motion, the practical result is that the forum-selection clauses should control except in unusual cases." *Id.*

### III. Analysis

**A.     Repudiation of Contract**

In assessing Plaintiff's argument that the forum-selection clause is not controlling, the Court addresses three issues: (1) whether there is a valid contract; (2) whether the contract was repudiated; and (3) whether repudiation excuses a party from performing conditions precedent to a contract.

The first issue to address is whether there is a valid contract. *See Mortg. Plus, Inc. v. DocMagic, Inc.*, No. 03-2582-GTV-DJW, 2004 WL 2331918, at *2 (D. Kan. Aug. 23, 2004). Defendant claims that "Plaintiff and Defendant entered into an agreement" and that "Plaintiff presumably performed under other provisions of the contract." *Sched. Order* [#24] at 3-4. Plaintiff alleges that he worked under a signed employment agreement.[3] *Am.*

---

[3] Plaintiff states in the Complaint that he has attached the employment agreement. *Am. Compl* [#33] ¶ 21. However, the employment agreement does not appear in the record.

*Compl.* [#33] ¶ 21. Thus, both parties seem to admit that there was an employment agreement, and therefore the Court finds that there is a valid contract, solely for purposes of the present Motion [#18].

The second issue to address is whether the contract was repudiated. Plaintiff asserts that because Defendant has allegedly repudiated the employment contract, Defendant is estopped from enforcing the forum-selection clause. *Response* [#32] at 4. While the Tenth Circuit Court of Appeals does not appear to have explicitly addressed this issue, in *Marra v. Papandreou*, 216 F.3d 1119, 1125 (D.C. Cir. 2000), the D.C. Circuit Court of Appeals held that a forum-selection clause survives repudiation unless the repudiation is specifically aimed at the forum-selection clause itself. In *Marra*, the plaintiff sued the Greek government for breach of contract in the United States District Court. *Id.* at 1120. The contract had a forum-selection clause which required that any dispute arising out of the contract be settled by Greek courts. *Id.* The district court held that the forum-selection clause was enforceable and that its terms compelled the plaintiff to file her suit in Greece. *Id.* at 1121-1122. The plaintiff appealed. *Id.* at 1122. The Court of Appeals held that while a party is relieved of its obligations when the other party repudiates the contract, a forum-selection clause is not an obligation owed, but a condition precedent to suit under the contract. *Id.* at 1125. The court therefore held that the forum-selection clause was still enforceable because the repudiation had not been aimed at that clause specifically. *Id.*

Although the outcome here does not depend on the repudiation issue, the Court finds *Marra* persuasive. Either Defendant did not repudiate the contract, in which case the forum-selection clause is controlling, or Defendant did repudiate the contract, in which case the forum-selection clause remains valid because there is no indication that the alleged

repudiation was aimed at the forum-selection clause specifically. *See id.* Plaintiff contends that Defendant has repudiated the contract by stating that "the contract as entered either failed at the outset, in which case [Defendant] recognizes an obligation under quantum meruit, or ended when the object of the contract or the condition subsequent failed to occur." *Response* [#32] at 4. However, even if this statement could be construed as repudiating the contract, it is not directed at the forum-selection clause specifically, and therefore the clause survives. *See Marra*, 216 F.3d at 1125.

The third issue to address (whether repudiation excuses a party from performing conditions precedent to a contract) is obviously only applicable when repudiation has occurred. Assuming, arguendo, that the contract has been repudiated by Defendant, Plaintiff argues that he is excused from tendering performance of conditions precedent, like abiding by the forum-selection clause. *Response* [#32] at 4. Plaintiff cites *Hidalgo Properties, Inc. v. Wachovia Mortgage Co.*, 617 F.2d 196 (10th Cir. 1980), in support of his argument. In *Hidalgo*, a construction company sued an investment company to recover payments made under a standby loan commitment. 617 F.2d at 197. The investment company argued that it did not have to repay the sums paid to it by the construction company because the construction company had not performed certain conditions precedent under the contract. *Id.* at 199. The court held that the construction company was not required to perform the conditions precedent because a party is excused from tendering performance of conditions precedent when the other party repudiates the contract. *Id.* (citing *Bu-Vi-Bar Petroleum Corp. v. Krow,* 40 F.2d 488 (10th Cir. 1930). However, the holding in *Hidalgo* is distinguishable from the facts at issue here because the present case deals with a condition precedent to *suit* under the contract, not a condition

precedent to *performance* under the contract. *See Westbrook Co. v. Hanover Ins. Co.*, No. 0:11-CV-1169-CMC, 2011 WL 2600983, at *3 (D.S.C. June 30, 2011) (stating that conditions precedent to performance under a contract are different from conditions precedent to suit under a contract). If the forum-selection clause is a condition precedent to performance under the contract, Plaintiff would be excused from complying with the forum-selection clause after Defendant repudiated the contract. *See Hidalgo*, 617 F.2d at 199. However, a forum-selection clause is a condition precedent to suit under the contract. *See Marra*, 216 F.3d at 1125. Because the forum-selection clause is a condition precedent to suit, Plaintiff cannot be excused from compliance unless the clause was specifically repudiated. *See id.* As previously discussed, the forum-selection clause was not specifically repudiated, therefore the clause survives and Plaintiff is obligated to comply with the clause. *See id.*

Accordingly, because the forum-selection clause survives, Plaintiff is not excused from performance of the clause, and because the clause is given controlling weight, the burden shifts to Plaintiff to prove extraordinary circumstances as to why the Motion [#18] should be denied. *See Atl. Marine*, 571 U.S. at 62.

**B.  Extraordinary Circumstances**

"When the parties have agreed to a valid forum-selection clause . . . only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* When there is a valid forum-selection clause the Court must consider only public-interest factors and not the private interests of the parties. *Id.* at 64. Some of the public-interest factors to be considered include: (1) administrative difficulties flowing from court congestion, (2) the local interest in having localized controversies

decided at home, and (3) the interest in having the trial of a diversity case in a forum that is at home with the law.[4]  *Id.* at 62 n.6.  The burden is on Plaintiff to prove extraordinary circumstances as to why the Motion [#18] should be denied.  *Id.* at 62.  Because Plaintiff does not allege any administrative difficulties flowing from court congestion in the Response [#32], the Court begins its analysis with whether there is a localized interest that should be decided in Colorado.

Plaintiff argues that because his claims include the Colorado Wage Act and civil theft claims arising under Colorado statute, his claims raise a localized controversy which should be decided in Colorado.  *Response* [#32] at 6.  However, the controversy is not localized to just Colorado.  Both Texas and Colorado have a connection to the litigation and have an interest in deciding the controversy.  *See Baldwin v. Aviva Life & Annuity Co.*, No. 2:16-CV-202-DN, 2017 WL 722001, at *10 (D. Utah Feb. 23, 2017) (stating that a company operating in a state other than where the plaintiff resides may create a controversy in the state of its operation).  Defendant is a Texas-based company organized under Texas law.  *Am. Compl.* [#33] ¶ 8.  Further, Plaintiff admits he traveled to Texas to fulfill his duties as President.  *Response* [#32] at 2.  Because Plaintiff conducted his work in Texas and Defendant is based in Texas, the Court finds that Texas has an interest in the controversy as well.  *See Baldwin*, 2017 WL 722001, at *10.  Plaintiff has therefore failed to prove that there is a local controversy which should necessarily be decided in Colorado.  *See Atl. Marine*, 571 U.S. at 62 n.6.

The Court now turns to whether there is an interest in having the trial of a diversity

---

[4] Typically a court must give some weight to the plaintiff's choice of forum; however, this factor is not considered when a valid forum-selection clause is included in a contract.  *Atl. Marine*, 571 U.S. at 63.

case in a forum that is at home with the law. Plaintiff argues that trial should be in the District of Colorado because in addition to the breach of contract claim, his claims include a violation of the Colorado Wage Act and a civil theft claim. *Response* [#32] at 6. Plaintiff's argument lacks merit. First, there is no indication that the employment agreement entered into between the parties is governed by Colorado law. Both the Motion [#18] and the Response [#32] fail to allege which state's law governs the employment agreement. Plaintiff merely alleges that his rights were violated under the contract *and* Colorado law, not that the employment agreement is governed by Colorado law. *Am. Compl.* [#33] ¶ 1. Further, Defendant alleges that the parties agreed that Texas law would govern the employment agreement. *Answer* [#8] ¶ 31. Because the employment agreement is not in the record, the Court cannot accurately determine which state law governs the contract.

Second, cases involving claims under Colorado statutes have been transferred to other states. *See, e.g.*, *Int'l Beauty Prods., LLC v. Beveridge*, 402 F.Supp. 2d 1261 (D. Colo. 2005) (transferring civil theft claims from Colorado to California); *see, e.g.*, *Bowers v. Tension Int'l, Inc.*, No. 15-cv-02734-WJM-KLM, 2016 WL 3181312, at *5 (D. Colo. June 8, 2016) (transferring a case involving a violation of the Colorado Wage Act from Colorado to Missouri). Because it is clear that these types of claims can be transferred absent a forum-selection clause, this consideration, without more, does not here constitute an extraordinary circumstance as to why this case should not be transferred. Thus, Plaintiff has failed to show that there is an interest in having this case tried in Colorado because there is no evidence that Colorado law governs the employment agreement and because precedent establishes transfers of cases involving civil theft claims and the Colorado Wage Act to other jurisdictions.

The Court next considers other nontraditional public-interest factors Plaintiff has asserted. Plaintiff argues transfer is unwarranted because Defendant has "engaged in unjustified delay tactics to simply drag out a claim for unpaid wages." *Response* [#32] at 6. Plaintiff's contention that Defendant delayed the case by taking an unsustainable position in its Answer [#8] and failing to address these "counter-factual positions" lacks clarity. *Id.* at 7. Plaintiff also contends that Defendant further delayed the case by denying there was ever a contract in the Scheduling Order [#24].[5] *Id.* However, Plaintiff has failed to cite to any authority demonstrating that the non-movant's alleged "delay tactics" bear on a motion to transfer, and because Plaintiff bears the burden of proving extraordinary circumstances, this argument fails. *See Atl. Marine*, 571 U.S. at 62.

Finally, Plaintiff argues that "Defendant's efforts to delay payments call into question the propriety of further delaying the case by transferring the venue." *Response* [#32] at 7. However, simply seeking to enforce a forum-selection clause is not an unreasonable delay of the case. *See SkyWi, Inc. v. Qwest Corp.*, No. cv 08-01122 WJ/RLP, 2009 WL 10665521, at *2 (D.N.M. Feb. 25, 2009) (stating that Qwest did not unreasonably delay the case by seeking to enforce a forum-selection clause).

Accordingly, the Court finds that Plaintiff has failed to demonstrate any extraordinary circumstance as to why the Motion [#18] should be denied. *See Atl. Marine*, 571 U.S. at 62.

## IV. Conclusion

For the foregoing reasons,

---

[5] Plaintiff is incorrect. In the Scheduling Order [#24], Defendant states, "the contract as entered into either failed at the outset . . . or ended when the object of the contract or the condition subsequent failed to occur." [#24] at 4. Defendant does not take the position that the contract never existed but that the contract failed.

IT IS HEREBY **ORDERED** that the Motion [#18] is **GRANTED**.

IT IS FURTHER **ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Southern District of Texas. The Clerk shall transmit the file to the Clerk of that court.

Dated: July 9, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge